ANDREW E. MONACH (CA SBN 87891)
SHANE BRUN (CA SBN 179079)
FRANCIS HO (CA SBN 247426)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Plaintiff
FUJITSU HITACHI PLASMA DISPLAY LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FUJITSU HITACHI PLASMA DISPLAY LTD., a Japanese Corporation,<br><br>Plaintiff,<br><br>v.<br><br>LG ELECTRONICS, INC., a Korean Corporation,<br><br>Defendant. | Case No. C 07 2201 JCS<br><br>**COMPLAINT FOR DECLARATORY RELIEF**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Fujitsu Hitachi Plasma Display Ltd. ("FHP"), by its undersigned attorneys, complains of defendant and alleges as follows:

**PARTIES**

1. FHP is a corporation organized under the laws of Japan with its principal place of business at 1815 Tajiri, Kunitomi-cho, Higashimorokata-gun, Miyazaki, Japan. FHP is a leading manufacturer of plasma display products.

2. FHP is informed and believes, and on that basis alleges, that defendant LG Electronics, Inc. ("LGE") is a corporation existing under the laws of the Republic of Korea and is doing business in this District and is subject to personal jurisdiction in this District. LGE has its principal place of business at LG Twin Towers, 20, Yeouid-dong, Yeongdeungpo-gu, Seoul Korea.

## JURISDICTION

3. This is an action for declaratory relief pursuant to 28 U.S.C. Sections 2201 and 2202. This Court has jurisdiction over the action pursuant to 28 U.S.C. Sections 1338(a) (action arising under an Act of Congress relating to patents) and 1331 (federal question).

## VENUE

4. Venue is proper in this judicial district under Title 28 of the United States Code, Sections 1391(b), (c) and (d).

## BACKGROUND

5. Beginning in or about December 2005, and from time to time thereafter up to the present, LGE has asserted that the manufacture, importation, sale or use of various plasma display products manufactured by FHP, including products that FHP currently manufactures and intends to continue to manufacture in the future, infringes LGE's rights under several United States patents, including United States Patent No. 6,621,230 ("the '230 patent"), United States Patent No. 6,624,587 ("the '587 patent"), United States Patent No. 6,791,516 ("the '516 patent"), United States Patent No. 6,853,145 ("the '145 patent"), United States Patent No. 6,906,690 ("the '690 patent"), and United States Patent No. 6,960,881 ("the '881 patent"). FHP, in contrast, believes and alleges that its past, current and intended ongoing manufacture and sale of plasma display products did not, does not, and will not infringe, or induce or contribute to the infringement of, any valid and enforceable claim of any of these patents.

6. LGE's assertion that it owns the '230, '587, '516, '145, '690, and '881 patents and that FHP's past, current, and intended ongoing manufacture and sale of plasma display products has infringed and will infringe the '230, '587, '516, '145, '690, and '881 patents, and FHP's belief and contention that it has the right to engage in the accused activity without a license, creates an actual and justiciable controversy between LGE and FHP regarding the validity, enforceablility and purported infringement of these patents.

COMPLAINT FOR DECLARATORY RELIEF
sf-2290982

2

## FIRST CLAIM FOR RELIEF
### (DECLARATORY JUDGMENT OF NONINFRINGEMENT AND INVALIDITY OF THE '230 PATENT)

7. FHP hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 6 of this Complaint.

8. FHP has not infringed and does not infringe any valid and enforceable claim of the '230 patent, either literally or under the doctrine of equivalents.

## SECOND CLAIM FOR RELIEF
### (DECLARATORY JUDGMENT OF NONINFRINGEMENT AND INVALIDITY OF THE '587 PATENT)

9. FHP hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 6 of this Complaint.

10. FHP has not infringed and does not infringe any valid and enforceable claim of the '587 patent, either literally or under the doctrine of equivalents.

## THIRD CLAIM FOR RELIEF
### (DECLARATORY JUDGMENT OF NONINFRINGEMENT AND INVALIDITY OF THE '516 PATENT)

11. FHP hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 6 of this Complaint.

12. FHP has not infringed and does not infringe any valid and enforceable claim of the '516 patent, either literally or under the doctrine of equivalents.

## FOURTH CLAIM FOR RELIEF
### (DECLARATORY JUDGMENT OF NONINFRINGEMENT AND INVALIDITY OF THE '145 PATENT)

13. FHP hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 6 of this Complaint.

14.   FHP has not infringed and does not infringe any valid and enforceable claim of the '145 patent, either literally or under the doctrine of equivalents.

### FIFTH CLAIM FOR RELIEF
### (DECLARATORY JUDGMENT OF NONINFRINGEMENT AND INVALIDITY OF THE '690 PATENT)

15.   FHP hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 6 of this Complaint.

16.   FHP has not infringed and does not infringe any valid and enforceable claim of the '690 patent, either literally or under the doctrine of equivalents.

### SIXTH CLAIM FOR RELIEF
### (DECLARATORY JUDGMENT OF NONINFRINGEMENT AND INVALIDITY OF THE '881 PATENT)

17.   FHP hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 6 of this Complaint.

18.   FHP has not infringed and does not infringe any valid and enforceable claim of the '881 patent, either literally or under the doctrine of equivalents.

//
/
/
/
/
/
/
/
/
/
/

COMPLAINT FOR DECLARATORY RELIEF
sf-2290982

4

WHEREFORE, plaintiff FHP prays for a judgment against defendant LGE as follows:

(a) That the Court declare that FHP and its plasma display products do not infringe, or induce or contribute to the infringement of, any valid and enforceable claims of the '230, '587, '516, '145, '690, and '881 patents;

(b) That the Court deem this case to be "exceptional" within the meaning of 35 U.S.C. § 285 entitling FHP to an award of its reasonable attorney's fees and expenses in this action; and

(c) That the Court grant such other and further relief as the Court may deem just and proper.

Dated: April 23, 2007

ANDREW E. MONACH
SHANE BRUN
FRANCIS HO
MORRISON & FOERSTER LLP

By: _____
Andrew E. Monach

Attorneys for Plaintiff
FUJITSU HITACHI PLASMA DISPLAY LTD.