# AFFIDAVIT OF GARY A. CROWE

**COURT:** UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**CAPTION:** FUJITSU HITACHI PLASMA DISPLAY LTD., Plaintiff
v.
LG ELECTRONICS, INC., et al., Defendants

**INDEX NO.:** C 07 2201

**OREGON** )
) ss.
**County of Multnomah** )

I declare that I, Gary A. Crowe, am a citizen of Oregon, over the age of twenty-one, not a party nor an attorney for any party in this action, and state the following:

1. I am employed by Alan H. Crowe & Associates, Inc. dba Crowe Foreign Services, 1020 SW Taylor Street, Suite 240, Portland, Oregon, and I specialize in the service of civil process in foreign countries; and

2. The United States and Korea are both signatories to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, done at the Hague, November 15, 1965, (Hague Service Convention); and

3. In accordance with FRCP Rule 4(h)(2), service upon a corporation……. in a place not within any judicial district of the United States shall be by any manner prescribed for individuals by subdivision (f) --except personal delivery as provided in paragraph (2)(C)(i) thereof. In accordance with FRCP Rule 4(f)(1) service outside the United States shall be subject to the provisions of the Hague Service Convention; and

4. Korea declared, upon its accession to the treaty, that it formally objects to any attempt to serve judicial documents by a private party and has designated the Hague Service Convention as the method under which foreign documents may be served within its territory; and

5. The government of Korea has designated the Director of International Affairs in the Office of the Ministry of Court Administration, as the entity authorized (Central Authority) to receive and effect the service of judicial documents in Korea in accordance with the Hague Service Convention; and

6. On May 4, 2007, my office forwarded to the Central Authority in Seoul, Korea, the Civil Cover Sheet, Summons and Complaint for Declaratory Relief, with Korean translations thereof, to be served upon, **LG Electronics Inc.**, in accordance with the Hague Service Convention; and

7. No signatory nation is obligated under the Hague Service Convention to provide status with respect to service of documents in its possession; and

8. The Hague Service Convention does not impose an obligatory time frame; and

9. It has been our continuous experience that once the request for service is received by the Central Authority in Seoul, Korea, the turnaround time for service of judicial documents in Korea in accordance with the Hague Service Convention is approximately 3 months but has occasionally exceeded 6 months.

SUBSCRIBED AND SWORN to before me this 15th day of May, 2007.



Notary Public for Oregon